**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RANDEE DAMAR WILLIAMS, JR, | No. 2:18-CV-1956-TLN-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| HERRERA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for injunctive relief (ECF No. 6).

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public

1

interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot, however, issue an order against individuals who are not parties to the action.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).   Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

In this case, Plaintiff seeks an order requiring defendants to cease from denying him adequate medical and mental health treatment, cease from denying him suicide prevention, and to cease from harassing and searching his cell.  However, Plaintiff has been transferred from Mule Creek Prison, where the named Defendants are located, to Salinas Valley State Prison.  Because Plaintiff's motion for injunctive relief is to compel action from the named Defendants at Mule Creek Prison, and Plaintiff is no longer at Mule Creek Prison, any relief requested is no longer necessary.  Additionally, there is no evidence indicating Plaintiff will be transferred back to Mule Creek Prison.  Thus, Plaintiff's motion for injunctive relief is moot.

Based on the foregoing, the undersigned recommends that Plaintiff's motion for injunctive relief (ECF No. 6) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 16, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2