IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDEE DAMAR WILLIAMS, JR., | No. 2:18-CV-1956-TLN-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| HERRERA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

Defendants have filed an answer to Plaintiff's first amended complaint and the case has been scheduled. Thereafter, Plaintiff sought a stay of proceedings pending completion of a mental health treatment program. Defendants did not oppose the request, which the Court granted in November 2019. The case has been stayed since that time and Plaintiff has filed regular status reports. Plaintiff's most recent status report indicates that he has completed his mental health treatment program. Plaintiff requests that proceedings resume. Defendants have not opposed Plaintiff's request.

///

///

///

1

   The undersigned is referring all post-screening civil rights cases filed by pro se state inmates to the Post-Screening ADR (Alternative Dispute Resolution) Project in an effort to resolve such cases more expeditiously and less expensively. Defense counsel from the Office of the California Attorney General has agreed to participate in this pilot project. No defenses or objections shall be waived by their participation.

   As set forth in the screening order, Plaintiff has stated a potentially cognizable civil rights claim. Thus, the Court stays this action for a period of 120 days to allow the parties to investigate Plaintiff's claims, meet and confer, and then participate in a settlement conference.

   There is a presumption that all post-screening prisoner civil rights cases assigned to the undersigned will proceed to settlement conference.[1]  However, if after investigating Plaintiff's claims and speaking with Plaintiff, and after conferring with defense counsel's supervisor, defense counsel in good faith finds that a settlement conference would be a waste of resources, defense counsel may move to opt out of this pilot project.

   Accordingly, IT IS HEREBY ORDERED that:

   1. This action shall remain stayed for an additional 120 days from the date of this order to allow the parties an opportunity to settle their dispute before the discovery process begins. Except as provided herein or by subsequent court order, no other pleadings or other documents may be filed in this case during the stay of this action.  The parties shall not engage in formal discovery, but the parties may elect to engage in informal discovery.

   2. Any motion to opt out of the Post-screening ADR Project shall be filed within 30 days from the date of this order.

   3. If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

///

///

///

///

---

[1] If the case does not settle, the Court will set a revised schedule.

4. The parties remain obligated to keep the Court informed of their current addresses at all times during the stay and while the action is pending. Any change of address must be reported promptly to the Court in a separate document captioned for this case and entitled "Notice of Change of Address." See Local Rule 182(f).

Dated: November 14, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE